# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| Farnam Street Financial, Inc., a Minnesota corporation, | ) ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| Pallidus, Inc., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

For its Complaint against Defendant Pallidus, Inc. ("Defendant" or "Lessee"), Plaintiff Farnam Street Financial, Inc. ("Farnam Street") states and alleges as follows:

## THE PARTIES

1.      Farnam Street is a Minnesota corporation with its corporate headquarters and principal place of business located in Hennepin County, Minnesota at 5850 Opus Parkway, Minnetonka, Minnesota 55343.  Farnam Street is engaged in the business of equipment leasing.

2.      Pallidus, Inc. is a Delaware corporation with its principal place of business located in Albany, New York.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because (i) there exists complete diversity of citizenship between Farnam Street, a citizen of Minnesota, and Defendant, a citizen of Delaware and New York, and

(ii) the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

4.      Venue is also proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

5.      Farnam Street and Defendant are parties to an equipment lease agreement identified as Lease Agreement Number PA032522 ("Lease Agreement") and dated as of March 25, 2022, a true and correct copy of which is attached hereto as **Exhibit A**.

6.      In connection with the Lease Agreement, Farnam Street and Defendant executed and are parties to Lease Schedule No. 003 ("Schedule 003"), a true and correct copy of which is attached hereto as **Exhibit B**.

7.      Pursuant to the terms of Schedule 3, Farnam Street leased more than $7.48 million worth of equipment identified on Attachment A to Schedule 3 (the "Equipment") to Defendant for an initial term of 32 months, commencing on March 1, 2025.

8.      In exchange for the lease of the Equipment, Defendant agreed to, among other things, pay Monthly Lease Charges (plus applicable taxes) to Farnam Street as follows: (i) $25,000 for months 1-12; and (ii) $236,938.89 thereafter.

9.      Additionally, at the time of executing Schedule 3, Defendant agreed that there was past-due Monthly Lease Charges owing in the amount of $860,847.72 under two prior lease schedules ("Prior MLCs")—this amount would be waived if, and only if, Defendant paid "the first sixteen (16) Monthly Lease Charges" due under Schedule 3.  If

MN 2526449.1

Defendant failed to comply, the Prior MLCs (less any payments made under Schedule 3) would become due and owing in addition to all other amounts owing under Schedule 3.

10.  As indicated below, Defendant failed to pay the first sixteen (16) Monthly Lease Charges when due under Schedule 3 and therefore, the Prior MLCs (less payments made under Schedule 3) are due and owing in the amount of $590,847.72.

11.  Pursuant to Paragraph 16(1) of the Lease Agreement, non-payment of any sum required to be paid by Defendant within ten (10) days from the due date is defined as an "Event of Default" under the Lease Agreement.  Additionally, Paragraph 16(2) provides that it is an Event of Default when Defendant fails to perform any "other term, covenant or condition of … any Lease Schedule."

12.  Defendant has caused multiple Events of Default by failing to pay Monthly Lease Charges within ten (10) days from when such charges become due under the Lease Agreement and Schedule 3 (the "Lease"). Specifically, Pallidus has failed to make Monthly Lease Charge payments dating back to March 2026.

13.  Pursuant to Paragraph 17 of the Lease Agreement, as a result of the Events of Default caused by Defendant, Farnam Street is entitled to, among other things: (i) recover all accrued and unpaid lease charges and other amounts due and owing under the Lease, (ii) accelerate and recover the present value of future lease charges and other amounts likely to become due under the Lease, (iii) retake possession of the Leased Equipment, (iv) require that Defendant return the Leased Equipment to a location designated by Farnam Street, and (v) recover the Casualty Loss Value (as defined in the Lease Agreement) of the Leased Equipment.

3

14.    As a term of the Lease Agreement, Defendant acknowledged:

. . . PURSUANT TO SECTION 17 HEREOF, LESSOR HAS BEEN GIVEN THE RIGHT TO REPOSSESS THE EQUIPMENT SHOULD LESSEE BECOME IN DEFAULT OF ITS OBLIGATIONS HEREUNDER. LESSEE HEREBY WAIVES THE RIGHT, IF ANY, TO REQUIRE LESSOR TO GIVE LESSEE NOTICE AND A JUDICIAL HEARING PRIOR TO EXERCISING SUCH RIGHT OF REPOSSESSION.

15.    Additionally, Defendant is obligated to pay Farnam Street for all costs, expenses, and fees (including attorneys' fees) incurred by Farnam Street in seeking to enforce its rights and remedies resulting from the Events of Default.  Farnam Street has incurred and continues to incur costs, expenses, and attorneys' fees as a result of Defendant's Events of Default.

16.    Farnam Street is also entitled to recover Late Charges (as defined in the Lease Agreement) computed on any past due amount on the date such payment is due and every thirty (30) days thereafter until all past due amounts are paid in full.

17.    As of May 5, 2025, the total amount recoverable by Farnam Street from Defendant under the Lease is at least $9,075,526.38 plus Farnam Street's costs, expenses, and fees (including attorneys' fees).

## COUNT I
## BREACH OF CONTRACT

18.    Farnam Street realleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

19.    Defendant has failed to pay Monthly Lease Charges in accordance with the terms of the Lease. Such nonpayment has lasted for more than ten (10) days since the applicable due dates, thus constituting an Event of Default and breach of the Lease.

4

MN 2526449.1

20. Defendant's breach of the Lease is the cause of damages to Farnam Street, entitling it to the relief provided for in the Lease and as set forth below, including recovery of all amounts owed under the Lease.

## COUNT II
## REPLEVIN

21. Farnam Street realleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

22. Farnam Street leased the Equipment to Defendant pursuant to the Lease.

23. At all times relevant hereto, the Equipment has been, and remains, the sole and exclusive property of Farnam Street.

24. The Lease provides that Farnam Street is entitled to recover possession of its Equipment upon the occurrence of an Event of Default.

25. Defendant has committed multiple ongoing Events of Default as referenced above, thereby entitling Farnam Street to prejudgment recovery and possession of its Equipment.

## REQUEST FOR RELIEF

WHEREFORE, Farnam Street prays for judgment as follows:

1. Awarding damages in the amount of $9,075,526.38, plus other amounts due and to become due under the Lease, in favor of Farnam Street and against Defendant;

2. Awarding prejudgment interest in favor of Farnam Street and against Defendant at the maximum rate allowed by law;

5

3.    Awarding Farnam Street its costs, expenses, and fees (including attorneys' fees) incurred in pursuing this action and in dealing with the Events of Default committed by Defendant, as provided for in the Lease, and as otherwise allowed by law;

4.    Ordering Defendant to return the Equipment to Farnam Street;

5.    Ordering that Farnam Street is entitled to repossession of the Equipment; and

6.    Awarding such other relief as the Court deems just and equitable.

Dated: May 13, 2026                    **SPENCER FANE LLP**

By: *s/ Phillip J. Ashfield*
Phillip J. Ashfield (#0388990)
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 268-7000
pashfield@spencerfane.com

***Counsel for Farnam Street Financial, Inc.***

6

MN 2526449.1